IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| *In re* Certificate of Material Witness to Non-Party Lindsey O. Graham in his official capacity as United States Senator, <br><br> in the matter of: <br><br> Special Purpose Grand Jury, Fulton County Superior Court Case No. 2022-EX-000024. | Case No. _____:22-mc-_____ |

## Notice of Removal

Non-party Lindsey O. Graham in his official capacity as United States Senator removes this proceeding from the Tenth Circuit Court of General Sessions, South Carolina, to the United States District Court for the District of South Carolina, Anderson Division, under 28 U.S.C. §§ 1442(a), 1441, and 1446. Senator Graham denies the validity and enforceability of any such material-witness certificate, order to appear, or related process and files this Notice without waiving any defenses, motions, exceptions, or rights that may exist in his favor in either state or federal court.

**I.    Senator Graham has timely removed this action within days of service.**

A special grand jury convened in Fulton County, Georgia issued a state court Certificate of Material Witness Pursuant to Uniform Act to Secure the Attendance of Witnesses from Without the State, Codified in the State of Georgia as O.C.G.A. § 24-13-90 et seq. (the "Certificate") for Senator Graham's testimony on July 5, 2022. (*See* **Exhibit 1**, Certificate.) The Certificate explains that Fulton County District Attorney Fani T. Willis seeks Senator Graham's testimony in Georgia for seven weeks beginning today. (*Id.*)

The Certificate is issued under The Uniform Act to Secure the Attendance of Witnesses from Without the State, O.C.G.A. §§ 24-13-90 through -97, and is directed to the Tenth Circuit Court of General Sessions requesting that Senator Graham be ordered to appear before the Court for a hearing about the domestication of the Certificate and whether his appearance to testify before the Special Grand Jury could be compelled by summons.  (*Id.*)  This Notice of Removal is filed within days of issuance to the Circuit Court, so it is timely under 28 U.S.C. § 1446(b)(2).  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**II.     Senator Graham has attached the pleadings and given proper notice of the removal.**

True and correct copies of the Certificate and related filings are attached as **Exhibits 1–2**. Senator Graham also attaches other relevant process, pleadings, and other materials relevant to the Special Purpose Grand Jury proceedings in Georgia of which he is aware as **Exhibit 3**.

As evidenced by the Declaration of Service, Senator Graham is providing written notice of this removal to the relevant parties and the state court under 28 U.S.C. § 1446(d).

**III.    The Court has jurisdiction over the subpoena to the Senator as a federal officer.**

This proceeding is within the original jurisdiction of the United States District Court for the District of South Carolina under 28 U.S.C. § 1442(a), which permits removal of any "civil action" commenced in state court directed at federal official "for or relating to any act under color of such office," or any "civil action" against any "officer of either House of Congress, for or relating to any act in the discharge of his official duty under an order of such House."  28 U.S.C. § 1442(a)(1), (4).  Section 1442(d) defines "civil action" and "criminal prosecution" to include "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1).  Thus, "civil action" under § 1442(a) permits removal of the proceedings

at issue here, without removal of the full action below and even before contempt proceedings have begun. *Id.* ("If removal is sought for a proceeding described in the previous sentence [of § 1442(d)(1)], and there is no other basis for removal, only that proceeding may be removed to the district court."); *Smith v. Cromer*, 159 F.3d 875, 883 (4th Cir. 1998); *State of Fla. v. Cohen*, 887 F.2d 1451, 1454 (11th Cir. 1989); *Johnson v. Soc. Sec. Admin.*, No. 2:18-mc-5, 2018 WL 4677829, at *4 (E.D. Va. June 8, 2018) (collecting cases permitting removal of subpoena proceedings). This is especially true after amendments to Sections 1442 and 1446, which make "clear that federal agencies and officers will be permitted to remove state court process without regard to the existence of any state court enforcement or contempt proceedings. *See* 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.100[4][c], at 107–253 and 107–254 (3d ed. 2018); *accord* 14C Wright & Miller, *Federal Practice and Procedure* § 3726 at 485–86 (4th ed. 2008).

Removal of these proceedings is authorized by 28 U.S.C. § 1442(a) because the Certificate and related process is directed at Senator Graham to require him to appear and testify in Georgia about activities he performed as a United States Senator, and he will raise one or more federal defenses to support quashing the process. These defenses include (without limitation) absolute legislative immunity and privilege under the Speech or Debate Clause, and sovereign immunity. *See* U.S. Const. art. I, § 6, cl. 1; *Brown & Williamson Tobacco Corp. v. Williams* 62 F.3d 408, 414–15 (D.C. Cir. 1995).

**IV.     Request for briefing and oral argument.**

If any question arises as to the propriety of removal, Senator Graham requests the chance to present briefs, oral argument, and if necessary, other material in support of his position that removal is proper. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008).

Therefore, Senator Graham removes this matter from the Tenth Circuit Court of General Sessions, to the United States District Court for the District of South Carolina, Anderson Division under 28 U.S.C. §§ 1442, 1441, and 1446.

                                      NELSON MULLINS RILEY & SCARBOROUGH LLP

                                      By: */s/ E. Bart Daniel*
                                            E. Bart Daniel, Federal Bar No. 403
                                            E-Mail: bart.daniel@nelsonmullins.com
                                            Matt Austin, Federal Bar No. 11435
                                            E-Mail: matt.austin@nelsonmullins.com
                                            151 Meeting Street / Sixth Floor
                                            Post Office Box 1806 (29402-1806)
                                            Charleston, SC  29401-2239
                                            (843) 853-5200

                                            Matthew A. Abee, Federal Bar No. 11747
                                            E-Mail: matt.abee@nelsonmullins.com
                                            1320 Main Street / 17th Floor
                                            Post Office Box 11070 (29211-1070)
                                            Columbia, SC  29201
                                            (803) 799-2000

                                      *Attorneys for Senator Lindsey O. Graham*

Charleston, South Carolina
July 12, 2022