IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

*In re* Certificate of Material Witness to
Non-Party Lindsey O. Graham in his
official capacity as United States Senator,   Case No. 8:22-mc-433-DCN

in the matter of:

Special Purpose Grand Jury, Fulton County
Superior Court Case No. 2022-EX-000024

**Motion to Dismiss Due to Lack of Case or Controversy and Lack of Ripeness**

On July 12, 2022, Lindsey O. Graham filed a Motion to Quash a material witness subpoena or to remove the matter to federal court. Doc. 1. A material witness warrant or subpoena has not been served upon Mr. Graham[1] in South Carolina; thus, there is no case or controversy for this Court to hear. There is no hearing currently scheduled in the 10th Judicial Circuit of South Carolina relating to Mr. Graham being a material witness in Georgia, and there likely will never be a hearing in South Carolina state courts; thus, there is no issue ripe for adjudication. Fulton County District Attorney Fani T. Willis, acting in her capacity as the legal advisor to the Fulton County Special Purpose Grand Jury, and by and through undersigned counsel and Andrew J. Savage III, respectfully requests that this Court dismiss the Motion to Quash.

---

[1] In this motion we refer to Lindsey O. Graham as Mr. Graham rather than Senator Graham. We do not intend for this to be in any way insulting. Rather, we refer to him as Mr. Graham to make clear that we do not agree with opposing counsel's assertion that Mr. Graham was operating in his official capacity when he called the Georgia Secretary of State related to the Georgia vote count.

1. **Since no subpoena or warrant has been served upon Mr. Graham, no issue is ripe for hearing.**

In United States law, the ripeness doctrine restricts courts from hearing cases that are not ready for litigation. "[A] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296 (1998), p. 300, (internal quotation marks omitted), quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568 (1985), p. 581 (quoting 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure §3532, p. 112 (1984)).

The ripeness doctrine is designed to prevent premature adjudication. If a dispute is insufficiently developed, any potential injury or stake is too speculative to warrant judicial action. Ripeness issues typically arise when a plaintiff seeks anticipatory relief, such as an injunction.

The ripeness doctrine has been applied to factual issues that have arisen under the federal removal statute relied upon by Mr. Graham. *See Stallworth v. Hollinger*, 489 F. Supp. 2d 1305, 2007 U.S. Dist. LEXIS 38357 (S.D. Ala. 2007) (Government's removal of action from state court upon service of subpoena on second defendant (against whom all claims had been dismissed) was premature and beyond scope of 28 USCS § 1442(a)(1); issuance of subpoena, without more, did not expose her to potential civil liability or criminal penalty for act performed under color of office; any subpoena enforcement proceedings that might occur in state court could not arrest, restrict, impair, or interfere with either her actions in her official capacity or operations of federal government, unless and until such subpoena enforcement proceedings blossomed into contempt proceedings.).

Mr. Graham seeks a ruling on a matter that is not ripe for judicial attention. He has not been served a material witness warrant in South Carolina and may never be served in South Carolina. Orders from Fulton County Judge McBurney have issued for service upon Mr. Graham in either South Carolina or in Washington, DC. These orders provide Ms. Willis the discretion of where to serve Senator Graham.

Since District Attorney Willis has not served Mr. Graham the material witness warrant in South Carolina, there is no warrant to quash and no matter to be removed to federal court. The issue is not ripe for adjudication.

**2. Since there is no pending case in South Carolina against Mr. Graham, there is no case or controversy for this Court to hear.**

Article III, Section 2, Clause 1 of the United State Constitution contains the case and controversy clause that prohibits the Court from issuing advisory opinions and requires that litigants have standing.

The Court has determined that this clause prohibits the issuance of advisory opinions (in which no actual issue exists but an opinion is sought), and claims where the appellant stands to gain only in a generalized sense and allows only the adjudication of claims where (1) the plaintiff has actually and personally suffered injury or harm "in fact", (2) the injury or harm suffered by the plaintiff is fairly traceable to the defendant's actions and (3) the injury or harm would be capable of redress by the court.

The U.S. Supreme Court observed in *DaimlerChrysler Corp. v. Cuno* that "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp v. Cuno*, 547 U.S. 332, 341 (2006).

The case-or-controversy requirement of Article III of the constitution requires plaintiffs to establish their standing to sue. *Clapper v. Amnesty International*, 568 U.S. 398 (2013). The standing doctrine is built on separation-of-powers principles. Its purpose is to prevent the judicial process from being used to usurp the powers of the legislative and executive branch of the U.S. federal government. *Id*. Article III standing requires an injury that is "concrete, particularized and actual or imminent; fairly traceable to the challenged action and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U. S. 139, 146 (2010).

There is no case or controversy pending in South Carolina regarding Mr. Graham. He has not been served in South Carolina and no hearing date is pending in the 10th Judicial Circuit of South Carolina. Mr. Graham does not have standing to quash a material witness warrant that has not been served.

3. **Alternatively, if the matter is transferred to federal court, the only issue for the Court would be to apply the South Carolina Uniform Act to Secure the Attendance of Witnesses from Without a State.[2]**

Mr. Graham relied on the Speech and Debate Clause of the United States Constitution to "protect[] him from legal process." Doc 1. P. 1. He first asks this court to remove his case to federal court pursuant to 28 USC § 1442 and then asks to quash the material witness warrant pursuant to the Speech and Debate Clause. The burden of proof is with Mr. Graham and his arguments fall short. *See Colorado v. Symes*, 286 U.S. 510, 52 S. Ct. 635, 76 L. Ed. 1253, 1932 U.S. LEXIS 619 (1932) (Burden is upon individual who claims removal to plainly set forth all facts which would entitle him to remove; therefore, officer petitioning for removal must state all facts relating to occurrence in order to show that in killing one whom he was attempting to arrest he acted under federal authority.).

The removal statute relied on by Mr. Graham states, "A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following **may be removed** by them to the district court of the United States for the district and division embracing the place **wherein it is pending.**" 28 USC § 1442(a)(emphasis added). As we will see, Mr. Graham's motion to remove the unserved material witness warrant should be denied.

First, there is not a pending case against Mr. Graham to consider for removal. There is not even a warrant or subpoena pending in South Carolina. It has not been served in South Carolina and may never be served in South Carolina. Thus, there is no case or controversy in a

---

[2] *See* S.C. Code Ann. § 19-9-10 et seq.

South Carolina court to be removed to federal court pursuant to 28 USC § 1442. *See above Stallworth v. Hollinger*, 489 F. Supp. 2d 1305 (S.D. Ala. 2007).

Second, even if there were a pending criminal prosecution, the Court has discretion to decline to remove it.[3] There is ample caselaw where federal courts have refused to interfere with lawful state court criminal trials.[4] *See Georgia v. Waller*, 660 F. Supp. 952 (M.D. Ga. 1987)

---

[3] This party maintains that this Court does not have jurisdiction in this matter. This argument and pleading does not waive this position.

[4] State court action alleging that then Secretary of Labor was member of continuing criminal conspiracy would not be removed to federal forum where charges confronting Secretary in no way pertain to his performance of official duties, his duties as Secretary of Labor provide no explanation or excuse for crimes charged, and Secretary has specifically testified that he took no act in his official capacity with regard to subject matter of indictment. *Donovan v. Schiavone Constr. Co.*, 601 F. Supp. 574 (S.D.N.Y. 1985).

Dearth of cases supporting removability of criminal prosecutions against federal officials traveling on official business so as to reach point where their work requires them to be supports view that such cases are not per se removable. *Virginia v. Harvey*, 571 F. Supp. 464 (E.D. Va. 1983).

Removal is not only unauthorized and unnecessary where government named agency is only incidental party to action, it is also harmful to interest of justice in that it disrupts and delays important state court proceedings between parties seriously interested in suit. *Gray Hodges Corp. v. Ford & Landers*, 494 F. Supp. 882 (E.D. Tenn. 1980).

Indictment for perjury against federal prohibition officer for falsely stating that he had not seen person with whose murder prohibition agents were charged was not removable under predecessor of 28 USCS § 1442. *Maryland v. Soper*, 270 U.S. 44, 46 S. Ct. 194, 70 L. Ed. 462 (1926).

Removal of state criminal prosecutions of Postal Service employee was improper in absence of averment of federal defense, where petition did not present situation in which careful pleading, demonstrating close connection between state prosecution and federal officer's performance of officer's duty, might adequately replace federal defense averment, and driver did not and could not present official immunity defense to state prosecution so that liberal pleading requirements sufficient to allege an official immunity defense were applicable. *Mesa v. California*, 489 U.S. 121, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989).

State's petition for remand of removed case is allowed under 28 USCS § 1442(a)(1), in prosecution of federal agent for traffic offenses, where (1) agent's superiors neither knew of nor authorized investigation agent claimed to be conducting at time of alleged offenses and (2) in any event, agent cannot possibly demonstrate that his federal duties required him to commit alleged offenses. *People v. Zidek*, 691 F. Supp. 1177 (N.D. Ill. 1988).

(Rural mail carrier's petition for removal is denied since criminal charges for driving under influence of intoxicants cannot be removed to federal court because drinking intoxicants was not within scope of his federal employment.)

Third, federal courts have been even more reluctant to interfere with the mere service of a subpoena rather than a criminal trial. *See Stallworth v. Hollinger,* 489 F. Supp. 2d 1305 (S.D. Ala. *2007)* (Government's removal of action from state court upon service of subpoena on second defendant (against whom all claims had been dismissed) was premature and beyond scope of 28 USCS § 1442(a)(1); issuance of subpoena, without more, did not expose her to potential civil liability or criminal penalty for act performed under color of office; any subpoena enforcement proceedings that might occur in state court could not arrest, restrict, impair, or

---

Defendant, former FBI agent, who was indicted in state court on four counts of second-degree intentional murder, was not entitled to removal on basis of 28 USCS § 1442(a)(1) as federal officer criminally prosecuted for act under color of his federal office because he did not assert federal defense, he did not plead traverse that might substitute for lack of federal defense, and asserted federal interests did not satisfy "arising under" federal jurisdiction. *New York v. DeVecchio*, 468 F. Supp. 2d 448 (E.D.N.Y. 2007).

There could be no removal where officer was in custody of state officials on charge of violating state law while in performance of his official duties. *Ex parte Beach*, 259 F. 956 (D. Cal. 1919).

State criminal prosecution for driving under influence, removed under 28 USCS § 1442a, was properly remanded to state court where driver was retired from armed forces, did not appear to have been involved in any official duties at time of accident, and had not even contended he was involved in official business at time of his arrest; mere status as member of armed forces is not sufficient to justify removal under this provision. *Florida v. Simanonok*, 850 F.2d 1429 (11th Cir. 1988).

Federal forest ranger being prosecuted on charge of willful and malicious breaking and entering building was not entitled to removal hereunder. *In re Mendenhall*, 10 F. Supp. 122 (D. Mont. 1935).

interfere with either her actions in her official capacity or operations of federal government, unless and until such subpoena enforcement proceedings blossomed into contempt proceedings.).

Fourth, even if the unserved material witness warrant were removed to federal court, the issue to be decided by this Court would be the issuance of the material witness warrant pursuant to S.C. Code Ann. § 19-9-10 et seq.. *See Wilkins v. Swift*, 616 F. Supp. 123, 1985 U.S. Dist. LEXIS 20962 (N.D. Miss. 1985)( Federal court exercising jurisdiction under 28 USCS § 1442(a)(1) serves as alternative forum in manner roughly analogous to its role in diversity cases, applying state law through mechanism of its own procedural rules.).  Consistent with *Wilkins v. Swift*, it would inappropriate for this Court to decide hypothetical privilege issues that may arise during the testimony of Mr. Graham at the Special Grand Jury, Fulton County. *Id*.  Those issues would be appropriately raised either to Judge McBurney in Fulton County Superior Court or be removed to the United States District Court in the Northern District of Georgia for resolution.  In other words, the only issue that a South Carolina District Court may properly decide is the application of the South Carolina state law at issue to Mr. Graham, which is the granting of the unserved material witness warrant.

For these reasons and for other good cause, Fulton County District Attorney Fani T. Willis and the Special Grand Jury, Fulton County asks this Court to deny the Motion to Quash or to Remove.

RESPECTFULLY SUBMITTED.

s/ *Christopher W. Adams*
CHRISTOPHER W. ADAMS
ADAMS BISCHOFF LLC
S.C. Fed. Bar # 10595
171 Church Street
Suite 360
Charleston, SC 29401
Tel. 843.200.0090
Fax 877.883.9114
Email: chris@adamsbischoff.com

DATE: July 18, 2022

**CERTIFICATE OF SERVICE**

It is hereby certified that on the above referenced date this document was electronically filed with the Clerk of Court using the ECF system that will notify the parties of record of this filing.

s/ *Christopher W. Adams*

*Counsel for Fulton County District Attorney Fani T. Willis, acting in her capacity as the legal advisor to the Fulton County Special Purpose Grand Jury and for the Special Purpose Grand Jury, Fulton County*